327 So.2d 848 (1976)
Arthur G. LEONHARDT, Jr., As Executor of the Estate of Ethel L. Crawford, Deceased, et al., Petitioners,
v.
Margaret C. CAMMACK, Respondent.
No. 75-604.
District Court of Appeal of Florida, Fourth District.
February 20, 1976.
Rehearing Denied March 23, 1976.
Michael R. Walsh, Orlando, for petitioners.
Jack B. Nichols of Nichols & Tatich, and Calvin J. Faucett, Orlando, for respondent.
OWEN, Judge.
By a petition for writ of certiorari petitioners seek review of certain interlocutory orders which (1) denied motions for protective orders and (2) denied a motion to dismiss and a motion to strike as to one of the petitioners. We treat here only the matters relating to denial of protective orders as there exists a full, adequate and complete remedy by appeal for review of the order denying the motion to dismiss and motion to strike.
Of the original five-count complaint filed by respondent/real estate broker, only Count I remains.[1] Simply stated, Count I alleges that respondent was employed on May 21, 1970 by petitioner/Leonhardt to procure a purchaser for certain real property owned by the estate of Ethel L. Crawford, deceased; that pursuant to such employment respondent did, between May 21, 1970 and June 2, 1970, procure a purchaser ready, willing and able to purchase said property upon the price, terms and conditions agreed upon by petitioner/Leonhardt; that when respondent so informed Leonhardt of this fact on June 2, 1970, he did, on the following day direct her not to proceed further in the matter; that at such time respondent/real estate broker had fully earned the agreed commission for which she was then suing, the same not having been paid. The issues made by the pleadings *849 are simple: was there an employment contract and, if so, did respondent/Cammack earn her commission prior to being discharged. The employment is alleged to have occurred on May 21, 1970, the discharge on June 3, 1970.
The extensive discovery sought by respondent (as to which the petitioners' several motions for protective orders were addressed) related to matters that were clearly not relevant to the subject matter of the pending action. It was error to deny the petitioners' motions to quash and motions for protective orders to the extent that the discovery sought inquiry or production of documents on matters not relevant to the above issues.
Certiorari is granted and the orders of March 14 and March 27, 1975 respectively are quashed and this cause remanded for further proceedings not inconsistent herewith.
WALDEN, C.J., and MAGER, J., concur.
NOTES
[1] See, Cammack v. Leonhardt, 302 So.2d 170 (Fla.App. 4th, 1974).