330 So.2d 509 (1976)
Robert HOOGLAND, Appellant,
v.
DOLLAR LAND CORPORATION, LTD., (U.S.), Appellee.
No. 75-472.
District Court of Appeal of Florida, Fourth District.
April 23, 1976.
William A. Kledzik, Orlando, for appellant.
No appearance for appellee.
DOWNEY, Judge.
By this interlocutory appeal defendant Robert Hoogland seeks review of an order of the trial court denying his motion for a protective order seeking to limit discovery.
Appellee sued appellant Hoogland and another in two counts, one count seeking recovery of rent due under a written lease, the other count seeking an injunction to restrain the defendants from destroying or disposing of certain personal property in the leased premises.
Appellee noticed appellant Hoogland for a deposition and commanded him (in accordance with a court order) to produce (a) documentary evidence relative to the lease of the premises in question, (b) inventories of assets located in the leased premises and other assets owned by appellant Hoogland, and (c) income tax returns and a host of other financial data.
We feel the trial court abused his discretion in totally denying appellant's motion for protective order. The matters described in item (1) of the Notice of Taking Deposition were relevant and not subject to protection. This is true also of that portion of item (3) as to the inventories and assets located in the leased premises. The matters mentioned in the remainder of item (3) and the matters mentioned in items (2), (4), (5), (6), and (7) of the notice are not relevant at this time and it does not appear that they could reasonably *510 lead to relevant matters. Leonhardt v. Cammack, Fla.App.4th 1976, 327 So.2d 848. Thus, the appellant Hoogland was entitled to a protective order as to most of the material sought until such time as it may appear that discovery of those documents is relevant or that it may reasonably lead to relevant evidence.
Accordingly, the order appealed from is reversed in part and remanded with directions to enter a protective order as to all of the documents sought by the appellees' Notice of Taking Deposition except (a) those described in item (1) and (b) the inventories and assets located at Hoogland House Restaurant in the Pan American Bank Building, Orlando.
Affirmed in part, reversed in part.
WALDEN, C.J., and CROSS, J., concur.