352 So.2d 76 (1977)
James L. ADAMS, d/b/a A-1 Excavating Company, Appellant,
v.
DREYFUS INTERSTATE DEVELOPMENT CORPORATION, Appellee.
No. 76-905.
District Court of Appeal of Florida, Fourth District.
June 10, 1977.
*77 Nathan Loeb, Orlando, for appellant.
John C. Briggs, Robertson, Williams, Duane & Lewis, P.A., Orlando, for appellee.
ANSTEAD, Judge.
The appellant, James L. Adams, d/b/a A-1 Excavating Company, seeks to reinstate a jury verdict entered in his favor and thereafter set aside by the trial judge. The issue to be determined is whether the evidence of damages suffered by Adams as a result of a breach of contract by appellee, Dreyfus Interstate Development Corporation, was sufficient to sustain the verdict. We find that it was and reverse.
Adams contracted with Dreyfus to do certain land clearing and excavation for a price of $25,822.40. Adams calculated the price by charging 70 cents per yard for excavation of approximately 30,000 yards; $3,700.00 for land clearing; $594.00 for culvert work; and $800.00 for engineering services. Dreyfus agreed to the price and work was commenced. Adams submitted a request for partial payment in the amount of $4,600.00 and was paid $4,140.00, Dreyfus retaining 10% pursuant to the mechanic's lien law. Adams submitted a second request for payment in the amount of $6,994.40 which Dreyfus refused to pay and terminated the contract.
Adams testified that at the time of termination he was due the 10% retainage, $460.00, plus $6,994.40 for work already performed, and that he was due an additional $9,284.00 as profit on that portion of the contract not yet performed. The jury found that Dreyfus was liable, agreed with the amount claimed for work already performed, but awarded only 10% of the $9,284.00 claimed as lost profits. The verdict *78 was for $8,382.00. The trial judge set aside the verdict and entered a judgment for $500.00 as "nominal" damages.
When a contract is breached the innocent party is entitled to damages. The measure of damages is the amount which the innocent party would have received if the contract had been performed, less any deductions for expenses not yet incurred. The recovery should include any gains prevented and losses sustained, including the loss of prospective profits.[1] Prospective profits must be proven with reasonable certainty. Reasonable certainty in this instance applies, not to the amount of profits expected, but to uncertainty as whether the loss was the result of the breach and whether any profits would have been earned at all.[2]
Uncertainty as to the amount of damages or difficulty in proving the exact amount will not prevent recovery where it is clear that substantial damages were suffered and there is a reasonable basis in the evidence for the amount awarded. Ultimately the degree of certainty simply requires that the mind of a prudent impartial person be satisfied with the damages.[3]
Adams' proof on damages consisted largely of his own testimony and records. By his testimony he established the manner in which the contract price was determined and the amount of work already performed under the contract. He testified that he charged 70 cents per yard for excavation of which 40% was profit and the rest expense. He did not prove every item of expense included. However, we believe that his testimony of the amount charged per yard for expenses and profit, coupled with proof of the number of yards completed, establishes a sufficient basis to determine damages to the date of the breach.[4] As to prospective damages Adams testified as to the balance due on the contract price for work yet to be performed and the remaining expenses to complete the contract. He claimed the difference in these two amounts as future profits, but the jury awarded him only 10% of the claimed figure.
A court cannot set aside the jury's award because it might disagree with the amount or because it might have ruled differently on the same proof. We find that there was a reasonable basis in the evidence for the jury's verdict.
Accordingly, it is ordered that the judgment setting aside the jury's verdict is reversed with directions that the verdict and judgment thereon be reinstated.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] 9A Fla.Jur., Damages, § 27.
[2] 9A Fla.Jur., Damages, § 82.
[3] Conner v. Atlas Aircraft Corporation, 310 So.2d 352 (Fla.3d DCA 1975).
[4] Talisman Sugar Corp. v. Farmland Development Co., 156 So.2d 392 (Fla.2d DCA 1963).