ALDERMAN, Chief Judge.
This is an interlocutory appeal by Frank Begel, the defendant in the trial court, from an order granting a temporary injunction which enjoined him from advertising the name “Frank Begel Bail Bonds” in either Dade or Broward Counties. He was allowed to continue writing bail bonds, but was prohibited from advertising in those counties unless he used a fictitious name. He also appeals the trial court’s denial of his motion for a protective order against a notice to produce. We affirm the temporary injunction and reverse the order denying the motion for a protective order.
In reference to the temporary injunction, Begel raises eight points on appeal. We have considered each of these and find no reversible error.
Begel’s last point, which does not involve the temporary injunction, has merit. The plaintiff, Ira Hirsch, served a notice to produce at deposition which lists, in very broad terms, nineteen categories of items to be produced. The notice recites that the documents sought pertain to the operation of any business by Frank Begel where bonds were written or sold or transacted between 1971 and the present. Some of the items sought are not relevant to the subject matter of this lawsuit, which involves the 1973 sale of Begel’s bond business in Dade and Broward Counties to Hirsch, the operation of a competing business by Begel since 1976, and the alleged injuries caused to Hirsch’s business by Begel.
The trial court erred in denying Begel’s motion for a protective order to the extent that the notice to produce sought production of documents on irrelevant matters. Leonhardt v. Cammack, 327 So.2d 848 (Fla. 4th DCA 1976); Hoogland v. Dollar Land Corporation, Ltd., 330 So.2d 509 (Fla. 4th DCA 1976). The period from 1971, covered by the notice to produce, is too long. The business was not sold to Hirsch until 1973. Furthermore, the documents sought pertain to the operation of any business by Begel where bonds were written, sold, or transacted. This would include business outside Dade and Broward Counties. Also, even if the documents sought were limited to Be-gel’s bonding business in Dade and Broward *516 County during the appropriate time period, the notice to produce is too broad and lacks sufficient specificity. To fully comply, Be-gel would have to produce every scrap of paper which was in any way related to his bond business, even if it were not relevant to the subject matter of the lawsuit. The order denying Begel’s motion for protective order is reversed and upon remand the trial court is directed to enter an appropriate protective order consistent with this opinion.
AFFIRMED in part, REVERSED in part.
ANSTEAD and LETTS, JJ., concur.