386 So.2d 1273 (1980)
E.T. LEGG & ASSOCIATES, LTD., Appellant,
v.
SHAMROCK AUTO RENTALS, INC., and Ackerley Communications, Inc., Appellees.
No. 79-1619.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied September 10, 1980.
*1274 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Steel, Hector & Davis and Talbot D'Alemberte and Donald M. Middlebrooks, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
We reverse the final judgment of the trial court which set aside jury verdicts for appellant and remand for a new trial solely on the question of damages. The jury found appellees Shamrock Auto Rentals, Inc. and Ackerley Communications, Inc. liable to appellant E.T. Legg & Associates for Shamrock's breach of contract for lease of outdoor advertising space and for Ackerley's interference with this contractual relationship. It awarded compensatory damages from Shamrock of $149,000 and from Ackerley of $35,000. The trial court reconsidered reserved motions for directed verdicts and entered final judgment for Shamrock and Ackerley upon a finding that Legg had failed to prove a right to future profits with reasonable certainty and had failed to present evidence on any alternative theory of damages.
As to the damages, the only evidence presented pertained to income or gross receipts, not profits, and testimony concerning expenses did not establish specific dollar amounts. The evidence was therefore inadequate to prove lost profits. American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). In this respect, the trial court correctly questioned the jury verdicts concerning the award of damages.
On the other hand, the evidence presented on the issue of defendants' liability was conflicting. Construing that evidence in the manner most favorable to Legg, we must conclude that there was evidence to support the jury's finding that defendants were liable. Riccio v. Allstate Insurance Co., 357 So.2d 420 (Fla. 3d DCA 1978). The verdicts, therefore, insofar as they established liability, should not have been disturbed by the court.
For these reasons, we reverse the final judgment entered by the trial court, reinstate the jury verdicts as to liability, and remand for a new trial as to damages.