GLICKSTEIN, Judge.
We agree in large measure with the trial court’s final judgment. However, in making its award, the trial court failed to deduct $1,200.00, which was the sum one of appellee’s owners testified would be necessary to complete the pool in question. In Adams v. Dreyfus Interstate Development Corp., 352 So.2d 76 (Fla. 4th DCA 1977) this court was concerned with a breach of contract precipitated by a landowner’s refusal to make a partial payment. It was there said that:
[t]he measure of damages is the amount which the innocent party would have received if the contract had been performed, less any deductions for expenses not yet incurred.
Id. at 78.
Accordingly, we remand with direction to enter a corrected final judgment, nunc pro tunc May 2, 1983, reflecting the principal sum due of $6,754.88, together with interest thereon from March 1, 1982, at 10% per annum.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.