450 So.2d 262 (1984)
Edwin BORN, Etc., Appellant/Cross-Appellee,
v.
Herbert B. GOLDSTEIN, Appellee/Cross-Appellant.
No. 83-332.
District Court of Appeal of Florida, Fifth District.
April 19, 1984.
Rehearing Denied May 24, 1984.
*263 Sam E. Murrell & Sons, Orlando, for appellant/cross-appellee.
Robert G. Petree, Orlando, for appellee/cross-appellant.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Edwin Born, appeals from an amended final judgment which granted appellee Herbert Goldstein's motion for remittitur and reduced a jury verdict in Born's favor from $40,000 to $9,000. Goldstein has cross-appealed challenging the trial court's denial of his motion for a directed verdict.
*264 Born sued Goldstein for breach of contract arising out of a business relationship. Born had a burglar alarm installation business and he and Goldstein agreed to open a retail business to sell burglar alarm systems. Born was to manage the new enterprise and was permitted to operate his separate installation business in the back of the retail store. After two and one-half months of operation, Goldstein locked Born out of the store and took over exclusive control of the business, in the process preventing Born from gaining access to his installation business.
The first point on appeal is whether the trial court erred in ordering remittitur and reducing Born's damage award to $9,000 where it failed to explain the reasons for the reduction or give Born the option of a new trial.
In considering the propriety of remittitur here, we note that a trial court may not reduce a jury verdict by ordering a remittitur without permitting the plaintiff to have the option of a new trial. Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981); Dura Corp. v. Wallace, 297 So.2d 619 (Fla. 3d DCA 1974). Here the trial court ordered a remittitur without accompanying its order with an alternative grant of a new trial. The proper remedy on appeal when confronted with such an order is to vacate the remittitur and let the original judgment stand, assuming that it is legally sound. Lewis v. Evans, 406 So.2d at 491; Dura Corp. v. Wallace, 297 So.2d at 622. Goldstein argues, by way of cross appeal, that the jury's award is not legally sound, because Born failed to adequately prove his damages at trial.
In a breach of contract action, the innocent party is entitled to recover any gains prevented and losses sustained, including the loss of prospective profits. Adams v. Dreyfus Interstate Devel. Corp., 352 So.2d 76 (Fla. 4th DCA 1977). Prospective profits must be proven with reasonable certainty. Adams. However, as noted in Sampley Enterprises, Inc. v. Laurilla, 404 So.2d 841 (Fla. 5th DCA 1981), it is sufficient if there is a reasonable basis in the evidence for computation of damages, although the result may be only approximate.
Proof of lost profits is generally derived from proof of income and expenses for a reasonable period of time prior to the breach. American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980). Where the evidence only pertains to gross receipts or fails to establish expenses with specificity, an award of damages will be reversed. E.T. Legg & Assoc. v. Shamrock Auto Rentals, 386 So.2d 1273 (Fla. 3d DCA 1980); American Motorcycle Institute v. Mitchell.
Without engaging in a lengthy review of all the evidence adduced below, we conclude that it established a reasonable basis for the jury's verdict. Born testified he had been locked out of his installation business for nine months and introduced income tax returns indicating that his business averaged a net profit of approximately $10,000 per year in the previous two years. This was based on gross sales of $50,000 in each year and business expenses of approximately $40,000 a year. Born testified that because of the lockout he incurred additional expenses in notifying customers that he was still in business,[1] that he was unable to obtain credit from two of his suppliers, and that it would take some time to re-establish his operation at its prior level.
As to damages sustained in the retail business with Goldstein, Born testified that Goldstein retained some $10,000 to $15,000 of the business' inventory without accounting to him for his one-half interest. He also testified that displays belonging to him valued at $1,000 were never recovered. Finally, Born testified that Goldstein stole several of his installation customers during the lockout.
*265 We conclude that because the evidence established a reasonable basis for the $40,000 verdict, the original judgment was legally sound and should be reinstated.
The amended final judgment is REVERSED and this cause is REMANDED for reinstatement of the final judgment based on the jury's verdict.
ORFINGER, C.J., and SHARP, J., concur.
NOTES
[1] These expenses included the taking out of new telephone numbers, advertisements and mailings to former customers.