461 So.2d 1011 (1984)
GRAPHIC ASSOCIATES, INC., a Florida Corporation, Petitioner,
v.
RIVIANA RESTAURANT CORPORATION, a Florida Corporation, Respondent.
No. 83-2655.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
*1012 Harry G. Carratt, Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for petitioner.
Edmund T. Henry and Susan E. Cook, Shutts & Bowen, Miami, for respondent.
HERSEY, Judge.
The petition for writ of certiorari under consideration seeks to limit discovery in an action for breach of contract.
Graphic Associates, Inc., brought an action against Riviana Restaurant Corporation based upon the breach of three contracts. In the course of discovery Riviana promulgated a request to produce in reply to which Graphic filed a response objecting to the production of certain records. Riviana filed a motion to compel which, after hearing, was granted by the trial court without limitation and without stating the grounds for granting the motion.
The request to produce delineated the following records:
1. All income tax returns and attachments filed from 1971 through 1976.
2. All cash books from 1971 through 1976.
3. All invoices reflecting business dealings with plaintiff from 1971 through 1976.

*1013 4. All invoices reflecting business dealings with any entity from 1971 through 1976.
5. All summaries, schedules, compilations, which reflect business dealings with plaintiff, from 1971 through 1976.
6. All records reflecting costs incurred by plaintiff, from 1971 through 1976.
Graphic, in its response, agreed to produce many of the records but declined to produce the balance, based upon various objections including relevancy, burdensomeness, and trade secrets.
In defense of the order compelling production Riviana propounds several theories in its response to the petition for writ of certiorari. We here deal with two of those theories, resolution of which in our view disposes of the primary differences between the parties' views as to records and documents appropriate for production in litigation where the cause of action is breach of contract.
Preliminarily, we note that certiorari is the appropriate device for seeking review of an order compelling discovery. Yohanan v. deClaire, 435 So.2d 913 (Fla. 4th DCA 1983).
Also, by way of framing the issue to be subsequently discussed, we remind that only matters relevant to the subject matter of the litigation are discoverable. Hoogland v. Dollar Land Corp., 330 So.2d 509 (Fla. 4th DCA 1976); Begel v. Hirsch, 350 So.2d 514 (Fla. 4th DCA 1977), cert. denied, 361 So.2d 830 (Fla. 1978). Additionally, Rule 1.280(b)(1) of the Florida Rules of Civil Procedure requires that matters sought to be discovered be relevant to the subject matter of the action. We defined relevancy in Zabner v. Howard Johnson's Inc. of Florida, 227 So.2d 543, 545 (Fla. 4th DCA 1969), as follows:
Relevancy describes evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by the pleadings... . [It] has been defined as a tendency to establish a fact in controversy or to render a proposition in issue more or less probable.
(Citation omitted.)
The subject matter of the instant litigation is breach of contract. The rule of damages applicable in a breach of contract action is loss of profit, which may be established by showing the cost of expenses, labor and materials necessary to perform the contract, which total is then deducted from the contract price to establish plaintiff's loss. Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). Paraphrased, damages for breach of contract are measured by deducting from the balance of the contract price the costs of completing performance of the contract.
Riviana has taken the position that many of the records in dispute are relevant to the issue of lost profits. The following statement of this principle appears in the response of Riviana filed in this court:
Petitioner Graphics maintains that these documents are irrelevant because they are not necessary for computation of lost profits under its theory of computation. That theory of computation is supposedly enunciated in two cases, one from 1966 and the other from 1971. Not only is Graphics' method simplistic and outdated, but Graphics' choice of this method can in no way be construed to prohibit Riviana from asking for documents which will support another, more enlightened method of calculating lost profits.
The foregoing quotation summarizes several pages of argument and citation of authority. While persuasively presented, this position of respondent Riviana is incorrect. The authorities relied upon by Riviana in support of its "more enlightened method of calculating lost profits" refer to lost profits of a business where the action of the defendant alleged to have caused a loss of profits is in addition to or distinct from any alleged breach of contract. For instance, in New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1935), loss of profits was claimed because *1014 of the appointment of a receiver for a corporation and his allegedly detrimental actions. In an action for breach of contract the concept of lost profits is much narrower, referring rather to the loss of profits which would have been made had the contract not been breached; that is, a loss of the profit that would have been earned on that particular contract. See, e.g., First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So.2d 103 (Fla. 4th DCA 1977). See generally 22 Am.Jur.2d Damages §§ 171-174; 25 C.J.S. Damages § 90.
The trial court obviously adopted Riviana's view on this issue, which constituted a departure from the essential requirements of law.
A second theory espoused by Riviana is expressed by its response as follows:
As to all other documents reflecting business dealings with entities other than Riviana, these records are patently relevant to the determination of whether Graphics mitigated its damages by substitution for the years in question. Mitigation of damages is contained in Riviana's affirmative defenses and is therefore an issue in the pleadings.
As we understand this argument, Graphic, not being required to perform the contract with Riviana (due to Riviana's breach), thus had time to perform contracts with others, the profit from which inures to Riviana's benefit under the theory that Graphic had a duty to minimize its losses. The doctrine of avoidable consequences, commonly referred to as a duty to mitigate damages, prevents a party from recovering those damages inflicted by a wrongdoer which the injured party "could have avoided without undue risk, burden, or humiliation." Restatement (Second) of Contracts § 305(1) (1979). Whether the doctrine applies in a given case depends upon the facts. "If the relation between the parties is such that the wronged party was legally free to enter into similar contracts with others, the fact that subsequent to the breach the wronged party could have or actually has made similar contracts in no way reduces the damages to which he is entitled." J.D. Calamari and J.M. Perillo, The Law of Contracts § 14-16 (1977). For example, an employee fired improperly cannot sit idly by and then recover his entire salary. He is required to use reasonable efforts to obtain other suitable employment in order to reduce his damages. Conversely, a new car dealership theoretically has an unlimited number of cars to sell. A purchaser who breaches his contract to buy an automobile is not entitled to credit against claimed damages for other sales of automobiles made by the dealer. This latter situation falls into the category of nonexclusive contracts, an area generally considered as an exception to the requirement of avoiding foreseeable consequences. Id. Applying the foregoing to the present case, if Graphic could have performed the Riviana contract in addition to all of the contracts which it actually did perform then Riviana is not entitled to claim that some or all of those contracts were substitutes for its contract. In other words there will be no diminution of damages. If performance of the Riviana contract would have precluded Graphic from accepting some or all additional contracts then such potentially excluded contracts are properly considered as substitutes for the Riviana contract and profits therefrom mitigate the damages owed by Riviana to Graphic. Whether discovery of documents reflecting business dealings with entities other than Riviana is appropriate will depend upon a preliminary finding that the contract was, under all the circumstances, either exclusive or non-exclusive. No such finding has been made. Thus it remains a viable issue. The discovery, to this extent, involves facts relevant or potentially relevant to the issue of damages and is therefore appropriate.
Having found that the order compelling the production of some of the documents constitutes a departure from the essential requirements of law, we quash that order. We do not attempt to distinguish at this level between those documents which may be relevant to the issue of damages where the correct measure of damages for breach of contract is applied as opposed to those *1015 documents deemed relevant by virtue of the erroneous principles put forward by Riviana, nor do we pass upon the issue of trade secrets. We remand the matter to the trial court for further hearing upon notice by either party for reconsideration of the motion to compel, utilizing the guidelines that we have here established.
CERTIORARI GRANTED, ORDER QUASHED, CASE REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.