478 So.2d 1107 (1985)
PAHOKEE HOUSING AUTHORITY, INC., Appellant,
v.
SOUTH FLORIDA SANITATION COMPANY, Etc., Appellee.
No. 85-153.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Rehearing Denied December 20, 1985.
Michael H. Stauder, West Palm Beach, for appellant.
*1108 William H. Pruitt of Pruitt & Pruitt, P.A., West Palm Beach, for appellee.
LETTS, Judge.
A trial judge awarded damages to a corporation for loss of profits, based in large measure upon the theory that the total overhead of the corporation was fixed and should not be considered in calculating the damages. We disagree and reverse.
This cause involves a dispute between the Pahokee Housing Authority and the holder of an exclusive garbage franchise from Palm Beach County for the area in which the Housing Authority held sway over 400 housing units. The Authority decided to collect and dispose of its own garbage, alleging that it was exempt under its enabling legislation [section 421.08, Florida Statutes (1983)] from the exclusive franchise granted by the County.
We agree with the trial judge's conclusion that the Housing Authority's intrusion into the field violated the exclusive franchise and affirm. See section 421.13 and section 421.08(3). However, we do not agree with the manner in which the trial judge calculated the damages.
Basically, the trial judge awarded the total gross contract price per month for twenty-seven months ($86,400), without regard to any operating costs other than the franchise operator's saving in tipping expenses, totalling only $8,698.[1] We would have no quarrel with this $8,698 deduction but cannot permit the exclusion of all other costs of operation. As the franchise holder sees it, it has all its employees aboard and all its equipment to maintain in any event, whether it picks up the Housing Authority garbage or not. Thus, though its entire operation yields a profit of less than ten percent, (as revealed by its tax return) lost profits of well over ninety percent of the gross receipts are attributed to the Housing Authority pickup by the franchise operator.
Surprisingly, neither party cites any law on this subject. However, it is our view, bolstered by three Florida cases that have at least touched upon this problem, that the overhead cannot be ignored. See Southern Bell Telephone and Telegraph Company v. Kaminester, 400 So.2d 804 (Fla. 3d DCA 1981); Crain Automotive Group v. J & M Graphics, 427 So.2d 300 (Fla. 3d DCA 1983) and Myrick v. Miller, 256 So.2d 255 (Fla. 3d DCA 1971). It is fundamental that a lost profit award must be commensurate with what is fair and just and limited to the actual damages sustained. Hanna v. Martin, 49 So.2d 585 (Fla. 1950). In the case before us, the award constitutes an unmerited windfall.
We have searched the record to uncover the correct solution to this case because if we are to reverse the trial judge we must offer an alternative. Unfortunately, the fruits of our search are meager, though in arguing for an increase in fees the franchise holder claimed it was operating at a loss! The only reliable indicator we can find is the franchise holder's most recent tax return in which it reported a profit margin of 9.71 percent.[2] We do not suggest that such a tax return be the only yardstick that can be employed in other cases, nor do we foreclose the possibility that a fixed overhead approach might in some instances be appropriate. However, on the record presented, we believe the 1982 tax return should control the outcome now before us.
Accordingly, we reverse the trial court and remand this cause for the entry of a judgment representing 9.71 percent of the gross receipts that would have been forthcoming from the Authority for the twenty-seven months in question.
AFFIRMED IN PART. REVERSED AND REMANDED IN PART.
HURLEY, J., and LEVY, DAVID L., Associate Judge, concur.
NOTES
[1] We note that the judgment is said to be for 27 months less the tipping charges but the figure arrived at would appear to be based on 28 months.
[2] This is being generous to the operator whose 1981 tax return showed a profit of only 3.75 percent.