501 So.2d 107 (1987)
PHYSICIANS REFERENCE LABORATORY, INC., Appellant,
v.
DANIEL SECKINGER, M.D. AND ASSOCIATES, P.A., Appellee.
No. 86-1227.
District Court of Appeal of Florida, Third District.
January 20, 1987.
*108 Shutts & Bowen and Maxine M. Long and Thomas H. Buscaglia, Miami, for appellant.
Blackwell, Walker, Fascell & Hoehl and Diane H. Tutt, Miami, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Physicians Reference Laboratory, Inc. (PRL) appeals a final judgment awarding Daniel Seckinger & Associates P.A. (Seckinger) $212,500 in damages and determining that Seckinger is entitled to attorney's fees in its action for breach of contract. While we affirm the trial court's decision regarding the attorney's fees, we reverse the damages award.
In June 1980, PRL and Seckinger entered into a contract whereby Seckinger would provide professional pathology services to PRL for ten years. In exchange for the services, PRL was required to pay Seckinger $5,000 per month. The contract provided that the arrangement was to continue for ten years. The contract could be terminated, however, by either party after five years, upon 90 days notice. The contract also provided that the prevailing party in any litigation arising out of the contract would be entitled to attorney's fees.
At the outset, Seckinger hired a part-time pathologist at a cost of $3,500 per month to carry out the services required by the contract. The pathologist also carried out other responsibilities for Seckinger which were unrelated to the contract. Seckinger later replaced the part-time employee with a full-time pathologist.
Both parties continued to perform their contractual obligations for two years, until July 1982, when PRL ceased its business operations and informed Seckinger that it would no longer require, or pay for, pathology services. Seckinger sued PRL for breach of contract. At trial, Seckinger presented evidence that it had committed itself to retain its full-time pathologist and consequently its costs would remain constant with or without the PRL contract. At the end of a bench trial, the trial court awarded $212,500 in damages to Seckinger. This amount represents the total contract price per month for 42.5 months, the period between the breach and the time when the service obligation could validly be terminated.
On appeal, PRL does not contest liability. Instead, PRL challenges the trial court's final judgment awarding Seckinger damages equal to the total value of the unperformed contract. PRL correctly asserts that Seckinger is only entitled to the amount of profits lost as a result of PRL's breach. The measure of damages for the breach of a contract to furnish services is the amount of profit the non-breaching party would have earned during the remainder of the term of the contract had there been no breach. Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306, 310 (1936); Golf & Racquet Club, Inc. *109 v. Campbell-Dickey Advertising, Inc., 259 So.2d 192, 193 (Fla. 4th DCA 1972); Ballard v. Krause, 248 So.2d 233, 234 (Fla. 4th DCA 1971). Lost profits are determined by subtracting the service contractor's costs of performance from the contract price. Innkeepers Int'l, Inc. v. McCoy Motels, Ltd., 324 So.2d 676, 679 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 106 (Fla. 1976); Ballard, 248 So.2d at 234. This rule applies regardless of whether the costs are fixed or variable.[1]See Pahokee Hous. Auth., Inc. v. South Florida Sanitation Co., 478 So.2d 1107 (Fla. 4th DCA 1985), review denied, 491 So.2d 280 (Fla. 1986); Southern Bell Tel. & Tel. Co. v. Kaminester, 400 So.2d 804 (Fla. 3d DCA 1981). The trial court therefore erred in awarding Seckinger an amount equal to the total remaining contract price. On remand, the trial court is to award only the amount of profits Seckinger proves it lost as a result of PRL's breach.[2]
Finally, we affirm the trial court's determination that Seckinger is entitled, under the contract, to reasonable attorney's fees. Attorney's fees, provided for in a contract, are recoverable as an element of damages in an action for the breach of the contract. See Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985); Commodore Plaza at Century 21 Condominium Ass'n v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla. 1978). Since the trial court found that PRL breached the contract, it correctly concluded that Seckinger is entitled to its reasonable attorney's fees.
Accordingly, the portion of the trial court's final judgment awarding damages of $212,500 is reversed and the cause is remanded for a determination of the amount of damages to which Seckinger is entitled.
NOTES
[1] Since Seckinger bore the burden of proving its entitlement to lost profits, see Ballard, 248 So.2d at 234, yet presented no evidence to prove the value of the its lost profit, its contention that the judgment should be affirmed because PRL did not present any evidence is without merit. See Born v. Goldstein, 450 So.2d 262, 264 (Fla. 5th DCA), review dismissed, 458 So.2d 272 (Fla. 1984); Southern Bell Tel. & Tel. Co., 400 So.2d at 807; E.T. Legg & Assocs. v. Shamrock Auto Rentals, Inc., 386 So.2d 1273, 1274 (Fla. 3d DCA 1980), review denied, 392 So.2d 1379 (Fla. 1981).
[2] The contract between PRL and Seckinger was a nonexclusive contract. Consequently, this may be one of those rare instances where the non-breaching party has no duty to mitigate. See Graphic Assocs., Inc. v. Riviana Restaurant Corp., 461 So.2d 1011 (Fla. 4th DCA 1984); J.D. Calamari & J.M. Perillo, The Law of Contracts § 14-16 (2d ed. 1977). If on remand it appears that Seckinger could have performed the PRL contract for its remaining term in addition to all others it did or could have acquired, then Seckinger owed no duty to mitigate its damages for the profits it lost as a result of PRL's breach. See Graphic Assocs., Inc., 461 So.2d at 1014. If, on the other hand, it appears that had Seckinger been required to complete the PRL contract it would have been precluded from entering into other contracts to provide similar services, then PRL would be entitled to a reduction in the assessed damages equal to the loss in profits Seckinger did or could reasonably have avoided. See 461 So.2d at 1014.