GERSTEN, C.J.
 

 Marbella Park Homeowners’ Association, Inc. (“Marbella Park”) appeals a final summary judgment entered in favor of My Lawn Service, Inc. (“My Lawn”) in a breach of contract action. We reverse, and remand for an evidentiary hearing on damages.
 

 Marbella Park contracted with My Lawn for yearly landscape maintenance for five years. The contract provided for services twenty-eight times per year, at a cost of $2,750.00 per visit. Marbella Park was to pay My Lawn monthly. After My Lawn performed for four months without Marbella Park’s payment, My Lawn sued for breach of contract.
 

 The complaint sought $385,000.00 in damages, which was the full and gross amount due under the five-year contract. Subsequently, My Lawn moved for summary judgment. In support of its motion, My Lawn filed two affidavits, both of which addressed only the contract’s validity. The trial court granted final summary judgment in favor of My Lawn for $355,711.10, which properly included a set-off for partial payments made during litigation. Marbella Park appealed.
 

 Marbella Park asserts that the trial court erred in awarding the full amount of gross payments as damages, without holding an evidentiary hearing. My Lawn contends that the trial court properly determined damages according to the contract. We agree with Marbella Park.
 

 The measure of damages for breach of a services contract is the non-breaching party’s lost profits.
 
 Physicians Reference Lab., Inc. v. Daniel Seckinger, M.D. & Assocs., P.A.,
 
 501 So.2d 107, 108 (Fla. 3d DCA 1987). Lost profits are calculated by subtracting the non-breaching party’s performance costs from the contract price. 501 So.2d at 109;
 
 see also RKR Motors, Inc. v. Associated Uniform Rental & Limn Supply, Inc.,
 
 995 So.2d 588 (Fla. 3d DCA 2008).
 

 Further, the burden of proving lost profits is on the non-breaching party.
 
 Indian River Colony Club, Inc. v. Schopke
 
 
 *809
 

 Constr. & Eng’g, Inc.,
 
 619 So.2d 6 (Fla. 5th DCA 1993). Generally, proof of performance costs necessitates an evidentiary hearing.
 
 See, e.g., Berlant v. Nat’l Bank of Fla.,
 
 527 So.2d 910 (Fla. 3d DCA 1988).
 

 Here, although the contract price could be easily ascertained, My Lavra failed to produce evidence of its costs and expenses in performing the five-year contract. This evidence is necessary to determine My Lavra’s lost profit.
 

 Accordingly, we reverse the judgment entered below, and remand for an eviden-tiary hearing to determine My Lawn’s lost profits.
 

 Reversed and remanded with instructions.