SALTER, J.
 

 Deauville Hotel Management, defendant below, appeals an adverse final judgment for damages (and an order denying a later motion by Deauville to vacate that judgment) entered after the trial court struck Deauville’s pleadings for extensive discovery misconduct and violations of court orders. The final judgment included two elements: $200,000 plus prejudgment interest for a “one-time flat fee payment” allegedly made by Atlantic Broadband to Deauville, and $2,269,717 in lost profits allegedly caused by Deauville’s breach of a cable services agreement.
 

 Deauville does not assert error in the trial court’s ruling striking Deauville’s pleadings. Deauville argues that it was entitled to a trial by jury on damages because Atlantic Broadband’s damages claims were unliquidated. For its part, Atlantic Broadband eommendably has confessed error with respect to the lost profits portion of the final judgment.
 

 We conclude that Deauville is also entitled to a jury trial regarding the allegedly-liquidated contractual damages regarding the “flat fee” payment. In Atlantic Broadband’s second amended complaint, the contract count does not set forth a liquidated amount.
 
 [1]
 
 Nor does the redacted, confidential fee addendum attached to the original complaint establish a specific dollar amount. Only in a later conversion count was there a reference to a specific sum of $200,000.00. Because the conversion count refers to a sum of money allegedly paid to Deauville under one of the confidential addenda and not to a specific, identifiable account or escrow,
 
 [2]
 
 this fee should also be considered part of the unliquidated contract claim.
 
 Cellular Warehouse, Inc. v. GH Cellular, LLC,
 
 957 So.2d 662 (Fla. 3d DCA 2007). It is also unclear from this record whether (and if so, how) the front-end amount paid by Atlantic Broadband to Deauville might affect Atlantic Broadband’s computation of profit under the contract, if that front-end amount is separately claimed and recovered.
 
 Marbella Park Homeowners Association, Inc. v. My Lawn Service, Inc.,
 
 12 So.3d 807 (Fla. 3d DCA 2009).
 

 For these reasons, the final judgment is reversed and remanded for a trial on all of the damages claims. Deauville asserts that it will be entitled to damage discovery before the trial on damages, but that question is not presently before us. On remand, the trial court will again have jurisdiction and discretion to allow such discovery and the presentation of evidence by Deauville, or to preclude Deauville from taking additional discovery or offering defense witnesses regarding damages.
 

 Deauville’s remarkable abuses of discovery and pretrial procedure were thoroughly evaluated by the trial court, and that court did not preclude sanctions beyond the striking of defensive pleadings. While we reaffirm Deauville’s due process rights to notice, to attend the trial on damages, to
 
 *206
 
 cross-examine Atlantic Broadband’s witnesses, and to argue the applicable law, Deauville’s rights to engage in pretrial discovery and to offer its own proof have not yet been passed upon by the trial court. Under any scenario, however, Atlantic Broadband will have to meet its own burden to establish the operative contract provisions, the proper method of calculating damages under those provisions, and the amount of such damages.
 

 Reversed and remanded for further proceedings on damages.
 

 [1]
 

 . Atlantic Broadband alleged that the amount of the one-time, front-end payment was confidential.
 

 [2]
 

 . The refusal to return an amount paid pursuant to contract (but not escrowed or maintained as a separate, identifiable deposit) is a breach of contract, not a conversion.
 
 Spanish Broadcasting System of Fla., Inc.
 
 v.
 
 Alfonso,
 
 689 So.2d 1092, 1094-95 (Fla. 3d DCA 1997);
 
 Bel-Bel Intern. Corp. v. Community Bank of Homestead,
 
 162 F.3d 1101, 1108 (11th Cir.1998). In addition, the second amended complaint alleges that a non-party, Homer Meruelo, also converted some or all of the $200,000 to "his own use.”