DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOZZO DEVELOPMENT, INC.,** and **GREGORY GOZZO,** an individual,
Appellants,

v.

**ANNE M. ESKER,**
Appellee.

No. 4D16-3734

[November 22, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas Barkdull, III and Richard L. Oftedal, Judges; L.T. Case No. 50-2005-CA-011607-XXX-MB.

Michael A. Monteverde and Daniel B. Allison of Bressler Amery & Ross, P.C., Fort Lauderdale, for appellants.

Tara S. Pellegrino and Jacqueline S. Miller of Broad and Cassel LLP, West Palm Beach, for appellee.

GROSS, J.

This case involves a civil contempt arising out of a construction defects case commenced in 2005. We affirm the finding of contempt in all respects. Because the compensatory fine imposed included losses not caused by the underlying contempt, we reverse for a new hearing on the amount of the compensatory fine imposed.

After nine years of litigation, the circuit court issued an order setting a non-binding summary jury trial and mediation. Appellant Gregory Gozzo was affiliated with both a remodeling company and a developer that had been named as defendants.

Gozzo attended the summary jury trial as the representative of the remodeling company and the developer. The summary jury trial produced a favorable outcome for the plaintiffs.

At the later mediation, the defendants sent a woman who was not a corporate representative and who did not have the authority to settle on behalf of the defendants.

The circuit judge issued an order to show cause to the defendants as to why they should not be held in contempt for failing to comply with the court's order regarding the person who was required to attend mediation. For each party to the lawsuit, the mediation order required the presence of a person with authority to settle the case.

At the hearing on the order to show cause, Gozzo explained that the woman he sent to the mediation was a home health aide who had served as a caregiver for Gozzo's elderly father during the time prior to his father's death, had worked sixteen-hour days, and was always on time. Gozzo acknowledged that she never held a position with the company but testified that he gave her verbal authority to settle. The home health aide said that Gozzo told her nothing about the case until after her attendance at mediation and that she did not have authority to settle. Gozzo testified that he did not attend the mediation because he had "other things" to do and "other business" on his plate.

The circuit court found the defendants in contempt; as sanctions, the court struck defense pleadings and ruled that the plaintiff was entitled to recover attorney's fees and costs "related" to (1) preparation for and attendance at the summary jury trial, (2) attendance at mediation, (3) preparation of motions for sanctions and preparation for and attendance at all hearings related to those motions, and (4) depositions taken in advance of the contempt hearing.

The defendants appealed the portion of the order striking the pleading. This court affirmed the imposition of the sanction. *See Gozzo Development, Inc. v. Professional Roofing Contractors, Inc.,* 211 So. 3d 145 (Fla. 4th DCA 2017).

A successor judge presided over the hearing on the plaintiff's attorney's fees and costs. That judge entered judgment for $122,518.78 in attorney's fees and $32,735.91 in costs, plus pre-judgment interest.

A trial court whose decree has been violated has "the power to impose a compensatory fine to the extent of the damages suffered by the injured party." *South Dade Farms, Inc. v. Peters*, 88 So. 2d 891, 899 (Fla. 1956). The contempt that is punished must actually cause the loss being compensated. To the extent that such causation is absent, a fine is punitive rather than compensatory. "[T]here must always be concern as

to the extent a sanction is punitive. That is because the procedural safeguards for punitive sanctions are more stringent than for remedial sanctions." *Huber v. Disaster Solutions*, LLC, 180 So. 3d 1145, 1149 (Fla. 4th DCA 2015); *see Nical of Palm Beach, Inc. v. Lewis*, 981 So. 2d 502 (Fla. 4th DCA 2008).

Where contempt arises from the willful violation of a court order, the Supreme Court has long required that contemptuous conduct cause the loss being recompensed by a compensatory fine. In *Hanna v. Martin*, 49 So. 2d 585, 587-88 (Fla. 1950), the Supreme Court reversed that portion of a damage award not caused by the violation of an injunction order; the Court held that the measure of damages for disobeying the injunction order "should be limited to the actual damages sustained" by the party aggrieved by the violation of the order. *Id.* at 587.

Thus, "if compensation is intended, the [compensatory] fine must be based on evidence of the injured party's *actual loss"* and the loss must be "suffered as a result of the contemptuous conduct" in violating the court's order. *Parisi v. Broward County*, 769 So. 2d 359, 366 (Fla. 2000) (internal citations omitted) (emphasis in original); *see also Levey v. D'Angelo*, 819 So. 2d 864, 868 (Fla. 4th DCA 2002).

The compensatory fine imposed here was flawed because it included attorney's fees and costs related to the summary jury trial. The defendants' contempt—the willful failure to attend and participate in the mediation—could not have *caused* damages incurred prior to the contempt. We therefore reverse the award of attorney's fees and costs and remand for a new hearing, where compensation is limited to attendance at and preparation for the mediation, preparation of motions for sanctions and preparation for and attendance at all hearings related to those motions, depositions taken in pursuit of the contempt sanction, and preparation for the new damages hearing.

*Affirmed in part, reversed in part, and remanded.*

WARNER and TAYLOR, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

- 3 -