872 So.2d 956 (2004)
COOPERATIVE LEASING, INC., a Florida corporation, and Truman Roosevelt Domer, Individually, Appellants,
v.
Irma L. JOHNSON, Appellee.
No. 2D02-1505.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*957 Nancy Little Hoffman, P.A., Pompano Beach, and Mike Snowden of Neale, Dealmeida & Snowden, Fort Lauderdale, for Appellants.
Dylan M. Snyder, P.A., and James T. Butler of James T. Butler & Associates, P.A., Tampa, for Appellee.
KELLY, Judge.
The appellants, Cooperative Leasing, Inc. and Truman Roosevelt Domer (the defendants in the trial court), challenge the final judgment entered in favor of the appellee, Irma Johnson, in an action for personal injuries. The appellants contend that the trial court erred in allowing Johnson to admit into evidence bills for medical expenses for which she never incurred liability and in allowing her to recover an amount in excess of benefits paid by Medicare as an element of compensatory damages. We agree and reverse.
Johnson was injured when she was hit by an automobile driven by Domer and owned by Cooperative Leasing. Johnson's medical providers billed her a total of $56,950.70. Johnson's personal injury protection carrier paid $15,000 of her medical expenses and her medical providers accepted $13,461 from Medicare as payment in full for their services. Johnson's medical providers cannot collect the balance of $28,489 because federal law prohibits them from attempting to recover any further amounts from Johnson or any other source. See 42 U.S.C. § 1395cc(a)(1). Thus, Johnson never was and never will be legally obligated to pay more than $13,461 for medical services.
Before trial, the appellants moved in limine to prevent Johnson from introducing into evidence the full amount of her medical bills. They contended that the amount representing the difference between the amount charged and the amount paid by Medicare should not be included in Johnson's compensatory damages because she never became liable for those charges. The trial court denied the appellants' motion and allowed Johnson to present all her medical bills to the jury. The jury returned a verdict in Johnson's favor, awarding her the full amount of her medical bills. After trial, the appellants sought to have that amount reduced to the amount that Medicare had actually paid on Johnson's behalf. The trial court denied this motion as well, finding that Johnson was entitled to recover the full amount charged.
The issue in this case is the appropriate measure of compensatory damages *958 for past medical expenses. "The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money." Mercury Motors Express, Inc., v. Smith, 393 So.2d 545, 547 (Fla.1981). "[T]he primary basis for an award of damages is compensation." Fisher v. City of Miami, 172 So.2d 455, 457 (Fla.1965). In this case, Johnson sought to collect the "additional value of medical services reasonably made necessary" by the appellants. We conclude, however, that Johnson was not entitled to recover for medical expenses beyond those paid by Medicare because she never had any liability for those expenses and would have been made whole by an award limited to the amount that Medicare paid to her medical providers.
The Fourth District Court of Appeal recently addressed this issue and concluded that the difference between the amount paid by Medicare and the amount charged by medical providers should not have been admitted into evidence. Thyssenkrupp Elevator Corp. v. Lasky, 868 So.2d 547, 550 (Fla. 4th DCA 2003), clarified on motion for rehearing (Mar. 10, 2004). In reaching its conclusion, the Fourth District relied on Florida Physician's Insurance Reciprocal v. Stanley, 452 So.2d 514 (Fla. 1984). In Stanley, the court quoted at length from Peterson v. Lou Bachrodt Chevrolet Co., 76 Ill.2d 353, 29 Ill.Dec. 444, 392 N.E.2d 1 (1979). The issue before the court in Peterson was whether the plaintiff could recover the value of free medical services. The court stated that "[a]n individual is not entitled to recover for the value of services that he has obtained without expense, obligation, or liability." Id. at 5. The court went on to contrast the situation before it with a situation in which a defendant is precluded by the collateral source rule from seeking a reduction in damages because the plaintiff has received insurance benefits. The court reasoned that in the situation in which the injured party incurs no expense, obligation, or liability, there was no justification for adhering to the collateral source rule because it would permit the plaintiff to "exceed compensatory limits in the interest of insuring an impact upon the defendant." Id. The court reiterated that the purpose of compensatory damages is to compensate, not to punish defendants or bestow a windfall on plaintiffs. Id.
In Florida an injured party is entitled to recover the reasonable value of medical care resulting from the defendant's negligence. In essence, both Lasky and Peterson stand for the proposition that the "reasonable value" of medical services is limited to the amount accepted as payment in full for medical services. Further support for this limitation is found in Restatement (Second) of Torts § 911 comment h (1997), which states:
When the plaintiff seeks to recover for expenditures made or liability incurred to third persons for services rendered, normally the amount recovered is the reasonable value of the services rather than the amount paid or charged. If, however, the injured person paid less than the exchange rate, he can recover no more than the amount paid, except when the low rate was intended as a gift to him.
Courts elsewhere that have considered this issue have likewise concluded that the difference between the amount paid by Medicare or Medicaid and the amount charged by medical providers is not compensable. In Hanif v. Housing Authority, 200 Cal.App.3d 635, 640, 246 Cal.Rptr. 192 (1988), the court framed the issue as whether the "reasonable value" measure of recovery means that an injured plaintiff may recover from the tortfeasor more than the actual amount he paid or for which he incurred liability for past medical care and *959 services. Under California law, as in Florida, an injured party is entitled to recover the "reasonable value" of medical care resulting from the defendant's negligence. The California court concluded that "reasonable value" is a term of limitation, not aggrandizement. Id. at 641, 246 Cal.Rptr. 192. Accordingly, the court held that it was error to award the plaintiff an amount greater than accepted by the health care providers and paid by Medi Cal. See also Moorhead v. Crozer Chester Med. Ctr., 564 Pa. 156, 765 A.2d 786 (2001).
In Bates v. Hogg, 22 Kan.App.2d 702, 921 P.2d 249 (1996), superseded by statute on other grounds as recognized in Frans v. Gausman, 27 Kan.App.2d 518, 6 P.3d 432 (2000), the trial court prohibited the plaintiff from presenting the full value or market value of medical treatments she received as a result of the accident, and limited her to presenting evidence of what Medicaid actually paid on her behalf. The plaintiff appealed, contending that this was a violation of the collateral source rule. The court concluded that although the collateral source rule permits an injured party to recover full compensatory damages irrespective of the payment of those damages by a source independent of the tortfeasor, that rule was not applicable to the question before it. The court reasoned that since a medical provider may not charge Medicaid patients for the difference between their customary charge and the amount paid, the amount allowed by Medicaid becomes the "customary charge." Id. at 253. Hence, the plaintiff was recovering full compensatory damages. This same reasoning has been applied to Medicare benefits. Wildermuth v. Staton, No. CIV.A.01-2418-CM, 2002 WL 922137 (D.Kan. Apr.29, 2002); Suhor v. Lagasse, 770 So.2d 422 (La.App.2000).
This limitation on compensatory damages is also in accord with the policy expressed by the legislature in section 768.76, Florida Statutes (1997). Section 768.76 abrogated the common law collateral source rule and replaced it with a statutory provision that allows certain payments from collateral sources to be set off from a plaintiff's recovery. § 768.76(1). This alteration in the common law collateral source rule evinces the legislature's intent to prevent plaintiffs from receiving a windfall by being compensated twice for the same medical bills by both their insurance company and by the tortfeasor. Our holding in this case likewise allows an injured party to receive compensation for medical expenses for which they have become liable, but does not permit the plaintiff to receive a windfall by recovering "phantom damages." Cf. Goble v. Frohman, 848 So.2d 406 (Fla. 2d DCA 2003) (holding that under section 768.76, Florida Statutes (1999), a tortfeasor was entitled to a setoff for medical bills that were written off by medical providers pursuant to their contracts with a health maintenance organization to protect the insurer from having to pay "phantom damages"), review granted, 865 So.2d 480 (Fla.2004).
We reject Johnson's characterization of the issue as whether the amount "written off by Medicare providers can be set off from the amount of past medical expenses a plaintiff recovers. Johnson contends that sections 768.76(1) and 768.76(2)(b), Florida Statutes (1997), preclude the trial court from reducing her recovery by the amount of benefits she has received from Medicare. Those sections provide:
(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral *960 sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists....
(2)(b) Notwithstanding any other provision of this section, benefits received under Medicare, or any other federal program providing for a Federal Government lien on or right of reimbursement from the plaintiff's recovery, the Workers' Compensation Law, the Medicaid program of Title XIX of the Social Security Act or from any medical services program administered by the Department of Health and Rehabilitative Services shall not be considered a collateral source.
Johnson correctly contends that "benefits received" under Medicare are not a collateral source under section 768.76(2)(b) and therefore cannot be set off from her recovery under section 768.76(1). Where we differ with Johnson is in how to properly construe "benefits received." She argues that "benefits received" includes not only the amount paid to her medical providers, but also the amount "written off" by her medical providers. We cannot agree with Johnson's interpretation of the statute.
Section 768.76 excludes Medicare benefits as a collateral source because the federal government has a right to reimbursement from Johnson's recovery for payments it has made on her behalf. Under federal law the government's right to reimbursement does not extend to amounts never actually paid to medical providers. See 42 U.S.C. § 1395y(b)(2)(B)(i). If we adopted Johnson's construction of "benefits received" she would be entitled to recover an amount equal to the full amount of her medical bills, including the amount for which she never became liable and for which the federal government has no right to reimbursement. This would result in a windfall that is contrary to the legislative policy evidenced by section 768.76. Consequently, the amount that was written off by her medical providers cannot be considered "benefits received" under section 768.76(2)(b).[1]
Accordingly, we hold that the appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills. The trial court should have granted the appellants' motion in limine and prohibited Johnson from introducing the full amount of her medical bills into evidence.
The judgment in favor of Johnson is reversed and remanded for recalculation of damages in accordance with this opinion.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] On the contrary, under the rationale of this court's decision in Goble it would constitute an "amount ... paid for the benefit of the claimant" under section 768.76(1), and therefore could properly be set off from her recovery. See 848 So.2d at 409 (holding that the difference between the amount paid to medical providers under an HMO contract and the amount billed by those providers constituted a "payment[ ] made to the claimant, or made on the claimant's behalf" under section 768.76(2)(a) and it could therefore be set off from the plaintiff's recovery).