WARNER, J.
Roy Boyd, the plaintiff in a personal injury action, appeals the final judgment, raising three issues: (1) limitation of evidence of medical bills paid by Medicare to the amount actually received by the Medicare provider; (2) failure to grant an addi-tur or new trial; and (3) granting the defendant’s motion for attorney’s fees pursuant to an offer of judgment. We affirm as to all issues.
First, Boyd claims that the court erred in limiting the evidence regarding medical bills paid by Medicare to the amounts actually recovered by the medical providers pursuant to the Medicare fee schedule. However, this issue was decided adversely to Boyd’s position in Thyssenkrupp Elevator Corp. v. Lasky, 868 So.2d 547 (Fla. 4th DCA 2003), as clarified, on denial of rehearing by 868 So.2d at 550 (Fla. 4th DCA March 10, 2004), in which we held that evidence of the contractual discount by Medicare providers should be excluded from trial. Thus, Boyd’s contention is without merit.
Second, Boyd complains that he is entitled to a new trial on damages because the jury failed to award any past economic damages when there was undisputed evidence of some lost wages and increased household expenses. Although the jury did not award any economic damages, other than medical expenses, we conclude that the evidence was disputed as to whether Boyd actually suffered any such losses. There was a lack of documentary evidence regarding his part-time job, as well as his claimed increase in household expenses. While Boyd’s doctor testified that Boyd would be unable to return to work, he then admitted that he was unaware of Boyd’s job duties. The trial court, which is “generally accorded broad discretion in deciding whether to grant a motion for new *1242 trial,” Persad v. State, 859 So.2d 535, 535-36 (Fla. 4th DCA 2003), denied Boyd’s motion for an additur or, in the alternative, a new trial. We cannot conclude that the trial court, which heard all of the evidence firsthand, abused its discretion.
Finally, Boyd claims that the defendant’s proposal for settlement was invalid because it did not describe with particularity the terms of the release the insurance company requested that he sign as a condition of the offer, nor did it attach a copy. Because Nationwide included a summary of the substance of the general release that was sufficient to apprise Boyd of its terms, the proposal was valid. The trial court did not err in awarding attorney’s fees pursuant to the valid proposal.
Affirmed.
GROSS, J., and SILVERMAN, SCOTT J., Associate Judge, concur.