MAY, J.
The plaintiff appeals from an adverse verdict in a trial resulting from a train accident. He raises two evidentiary issues concerning the admission of collateral sources and the exclusion of an expert witness. We reverse and remand for a new trial.
On September 21,1995, an 88,000-pound truck, driven by a City of Boca Raton employee, failed to stop at a railroad crossing and collided with an Amtrak train. The only sign at the crossing was a handmade wooden stop sign. There were no lights or gate at the crossing. Truck drivers commonly used this crossing and often ignored the stop sign, a fact known by the railroad company. In this instance, the truck driver saw the train, knew he could stop, but proceeded to cross the tracks based upon his belief he could beat the train.
*245 The impact of the collision knocked the plaintiff, a railroad employee, against a table, but did not cause him any significant physical injury. The plaintiff and the assistant conductor then worked their way up to the engine to check on coworkers, only to discover the assistant engineer and engineer were seriously injured. The assistant engineer eventually died.
The plaintiff filed a complaint against CSX Transportation, Inc., National Railroad Passenger Corporation, Jeffrey New-comb, and the City of Boca Raton. He claimed damages for emotional distress, lost wages, and a loss in his earning capacity.
Prior to trial, the plaintiff filed a motion in limine to exclude any evidence concerning his receipt of railroad benefits. The court ruled the defendants could not introduce evidence regarding the amount of benefits, but otherwise denied the motion. At trial, the defense addressed the issue in opening statement, elicited testimony from the plaintiff that he was receiving railroad benefits and the amount, and used the testimony in closing argument.
In another evidentiary ruling, the trial court excluded the plaintiffs human factors expert. That expert had been prepared to testify regarding the truck driver’s visual perception of the train, its speed, and the factors that went into his decision to cross in front of the train. Subsequently, the defense expert was permitted to testify concerning sight lines and distances, some of the very issues contained in the proffer of the plaintiffs expert.
After the court instructed the jury, the plaintiff reached a settlement with the city and truck driver for approximately $10,000. The next day, the jury rendered a verdict of $190,000 against the city defendants only; the jury found no negligence on the part of the railroad defendants.
The plaintiff moved for a new trial and argued the court erred in admitting evidence of the railroad benefits received by the plaintiff and in excluding the plaintiffs human factors expert. The court denied the motion.
The inadmissibility of collateral sources evidence enjoys a long history of legal precedent. See, e.g., Eichel v. New York Cent R.R. Co., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963). In Gormley v. GTE Products Corp., 587 So.2d 455 (Fla.1991), the Supreme Court of Florida breathed renewed life into the collateral source rule. “As a rule of evidence, the collateral source rule prohibits the introduction of any evidence of payments from collateral sources.” Id. at 457. In doing so, it reinforced the Third District Court of Appeal’s decision in Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla.1973).
Relying on this well-established precedent, this court held a trial court erred in permitting the defendant to elicit testimony concerning the plaintiffs receipt of a government subsidy and food stamps. Parker v. Hoppock, 695 So.2d 424 (Fla. 4th DCA 1997). “The very image of a plaintiff as one who accepts governmental handouts carries a substantial likelihood of prejudice that outweighs any marginal probative value.” Id. at 428.
During deliberations, the jurors asked about the plaintiffs receipt of railroad benefits. “Because a jury’s fair assessment of liability is fundamental to justice, its verdict on liability must be free from doubt, based on conviction, and not a function of compromise.” Gormley, 587 So.2d at 458. We therefore reverse on this issue with directions to exclude any collateral sources evidence in the new trial.
The second evidentiary issue concerns the trial court’s exclusion of the plaintiffs human factors expert. The expert was prepared to testify concerning the truck *246 driver’s ability to perceive the speed of the oncoming train and the reaction time to make a decision to avoid a collision. The defense objected and argued the jury could resolve those issues without the need for expert testimony. The court agreed and excluded the plaintiffs expert. Subsequently, however, the defense expert opined on some of the same issues.
Recognizing the problem created by having excluded the plaintiffs expert, the trial court attempted to correct it by allowing plaintiffs expert to testify, but he was no longer available. This error in combination with the admission of collateral sources may very well have caused the jury to render the defense verdict for the railroad.
We therefore reverse the judgment and remand the case for a new trial.
KLEIN and STEVENSON, JJ., concur.