WEBSTER, J.
 

 Appellant, appellee’s uninsured motorist carrier, seeks review of a final judgment entered in appellee’s favor following a jury trial and the subsequent denial of appellant’s motions seeking a new trial or remit-titur. Appellant contends that the trial court erred when (1) notwithstanding a timely objection, it permitted appellee to introduce into evidence (and to request from the jury) the gross amount of her medical bills, rather than the lesser amount paid by appellee’s private health insurer in full settlement of the medical bills; and (2) it denied appellant’s post-trial motion seeking a new trial or remitti-tur as to the award of future medical expenses because, given the jury’s finding that appellee did not sustain a permanent injury, the award of such future expenses was excessive. We conclude that the trial court correctly (1) applied the collateral source rule when it overruled appellant’s objection and permitted appellee to introduce into evidence (and to request from the jury) the gross amount of her medical bills; and (2) denied appellant’s motion seeking a new trial or remittitur as to the award of future medical expenses because the jury’s verdict was inconsistent, and appellant failed to preserve the issue for review by raising it before the jury was discharged. Accordingly, we affirm.
 

 Appellant’s first contention on appeal is that the trial court abused its discretion when, notwithstanding a timely objection, it permitted appellee to introduce into evidence (and to request from the jury) the gross amount of her medical bills, rather than the lesser amount paid by appellee’s private health insurer in full settlement of the medical bills, because it misled the jury as to the true amount of appellee’s damages. In support of this position, appellant cites a number of cases, all of which appellant contends hold that it is reversible error to permit evidence of the gross amount of medical bills, rather than the amount actually paid in full settlement of those bills. However, as appellee correctly points out, all of those cases involved payments made on the injured plaintiffs behalf by Medicare, rather than by a private insurance provider. We conclude that, as a result, all of those cases are distinguishable from this case because,
 
 *1086
 
 here, the payments were made by appel-lee’s private health insurer.
 

 As our supreme court noted in
 
 Gormley v. GTE Products Corporation,
 
 587 So.2d 455, 457 (Fla.1991) (plurality opinion), “ft]he collateral source rule functions as both a rule of damages and a rule of evidence” (citing 3 Jerome H. Nates et al.,
 
 Damages in Tort Actions
 
 § 17 (1988)). “As a rule of damages[,] ‘[t]he collateral source rule permits an injured party to recover full compensatory damages from a tortfeasor irrespective of the payment of any element of those damages by a source independent of the tortfeasor....’”
 
 Id.
 
 (quoting from
 
 Damages in Tort Actions).
 
 “As a rule of evidence, the collateral source rule prohibits the introduction of any evidence of payments from collateral sources, upon proper objection.”
 
 Id.
 
 (citing
 
 Damages in Tort
 
 Actions). In Florida, the damages portion of the rule has been superseded by legislative action.
 
 See
 
 § 768.76(1), Fla. Stat. (2007);
 
 Sheffield v. Superior Ins. Co.,
 
 800 So.2d 197, 200 n. 3 (Fla.2001). However, the evidentiary portion of the rule remains alive and well in Florida.
 
 See, e.g., Sheffield, 800
 
 So.2d at 200 (stating that, “[u]pon proper objection, the collateral source rule prohibits the introduction of any evidence of payments from collateral sources”) (citing
 
 Gormley v. GTE Prods. Corp.); Citizens Prop. Ins. Corp. v. Hamilton,
 
 43 So.3d 746, 751 (Fla. 1st DCA 2010) (quoting from
 
 Rollins v. Pizzarelli,
 
 761 So.2d 294, 300 (Fla.2000), which, in turn, had cited
 
 Gormley v. GTE Prods. Corp.); Benton v. CSX Transp., Inc.,
 
 898 So.2d 243, 245 (Fla. 4th DCA 2005) (stating that “[t]he inadmissibility of collateral sources evidence enjoys a long history of legal precedent”) (citing, inter alia,
 
 Gormley v. GTE Prods. Corp.).
 

 In
 
 Goble v. Frohman,
 
 901 So.2d 830, 833 (Fla.2005), our supreme court held that “discounts” negotiated by a plaintiffs private health insurer with health-care providers constitute a collateral source which must be set off against an award of compensatory damages following trial pursuant to section 768.76(1), Florida Statutes, unless a right of reimbursement or subro-gation exists. (Pursuant to
 
 Goble,
 
 the amount of the discounts negotiated by ap-pellee’s private health insurer was set off against the award of compensatory damages in this case.)
 
 Goble’s
 
 holding that such discounts constitute a collateral source would seem to end the discussion for purposes of this appeal, given the continued viability of the evidentiary portion of the collateral source rule in Florida. However, relying on cases from other district courts of appeal, appellant argues that such is not the case.
 

 Appellant relies principally on
 
 Thyssenkrupp Elevator Corporation v. Lasky,
 
 868 So.2d 547 (Fla. 4th DCA 2004) (on denial of motion for rehearing);
 
 Cooperative Leasing, Inc. v. Johnson,
 
 872 So.2d 956 (Fla. 2d DCA 2004);
 
 Miami-Dade County v. Laureiro,
 
 894 So.2d 268 (Fla. 3d DCA 2004); and
 
 Boyd v. Nationwide Mutual Fire Insurance Co.,
 
 890 So.2d 1240 (Fla. 4th DCA 2005), correctly representing that, in all of those cases, the courts held that it was error to permit the plaintiff to introduce into evidence (and to request from the jury) the gross amount of medical bills, rather than the lesser amount actually paid in full settlement of those bills. However, as we have already noted, appel-lee correctly responds that all of those cases involved payments made by .Medicare, rather than by a private health insurer. Moreover, all of those cases (as well as the other cases cited by appellant) relied directly or indirectly on
 
 Florida Physician’s Insurance Reciprocal v. Stanley,
 
 452 So.2d 514 (Fla.1984), to support the conclusion they reached. See,
 
 e.g., Thys
 
 
 *1087
 

 senkrupp Elevator,
 
 868 So.2d at 549-50;
 
 Cooperative Leasing,
 
 872 So.2d at 958.
 

 In
 
 Stanley,
 
 our supreme court held that evidence of governmental or charitable benefits available to all citizens should not be precluded by the evidentiary portion of the collateral source rule. 452 So.2d at 515. The court said:
 

 We believe that the common-law collateral source rule should be limited to those benefits earned in some way by the plaintiff. Governmental or charitable benefits available to all citizens, regardless of wealth or status, should be admissible for the jury to consider in determining the reasonable cost of necessary future care.... We find persuasive the following reasoning advanced by the Supreme Court of Illinois in refusing to allow a plaintiff a windfall recovery for the value of free medical services received in a charitable hospital:
 

 [T]he policy behind the collateral-source rule simply is not applicable if the plaintiff has incurred no expense, obligation, or liability in obtaining the services for which he seeks compensation. This is further made apparent upon comparison ... with a situation in which the collateral-source rule is frequently applied, that of the defendant who seeks a reduction in damages because the plaintiff has received insurance benefits. “It is a well-settled rule of damages that the amount recoverable for tortious personal injuries is not decreased by the fact that the injured party has been wholly or partly indemnified for the loss by proceeds from accident insurance where the tortfeasor did not contribute to the payment of the premiums of such insurance. This rule is usually justified on the basis that the wrongdoer should not benefit from
 
 the expenditures made by the injured party
 
 in procuring the insurance coverage.”
 

 [[Image here]]
 

 Id.
 
 at 515-16 (quoting from
 
 Peterson v. Lou Bachrodt Chevrolet Co.,
 
 76 Ill.2d 353, 362-63, 29 Ill.Dec. 444, 448, 392 N.E.2d 1, 5 (1979)).
 

 Based on the foregoing, it is relatively clear that our supreme court intended to limit abrogation of the evidentiary portion of the collateral source rule to cases where the benefits received to reduce the cost of medical care were not earned (or paid for) in some way by the plaintiff. Here, there is no dispute that appellee paid the premiums for her health insurance. Accordingly, pursuant to the evidentiary portion of the collateral source rule as it currently exists in Florida, we hold that the trial court correctly ruled that appellee was entitled to introduce into evidence (and to request from the jury) the gross amount of her medical bills, rather than the lesser amount paid by appellee’s private health insurer in full settlement of the medical bills. In fact, the only Florida appellate decision we have been able to find that is directly on point reaches that result.
 
 Goble v. Frohman,
 
 848 So.2d 406, 410 (Fla. 2d DCA 2003) (relying on
 
 Gormley v. GTE Prods. Corp.), approved on other grounds,
 
 901 So.2d 830 (Fla.2005).
 

 Appellant’s second contention is that the trial court erroneously denied its post-trial motion seeking a new trial or remittitur as to the award of future medical expenses because, given the jury’s finding that appellee did not sustain a permanent injury, the award of such future expenses was excessive. Here, the jury awarded appellee the precise amount she had requested based on her argument that she had sustained a permanent injury that would require treatment for the rest of her life. We conclude that, as a result, the amount of the jury’s award of future medical expenses notwithstanding its find
 
 *1088
 
 ing that appellee had not sustained a permanent injury created a true inconsistent verdict. “To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged.”
 
 Fla. Dep’t of Transp. v. Stewart,
 
 844 So.2d 773, 774 (Fla. 4th DCA 2003).
 
 Accord Wiggs & Maale Constr. Co. v. Harris,
 
 348 So.2d 914, 915 (Fla. 1st DCA 1977). Because appellant failed to preserve the issue for review by raising it before the jury was discharged, we also affirm the trial court’s order denying the post-trial motion seeking a new trial or remittitur as to the award of future medical expenses.
 

 For the reasons set out above, we affirm the final judgment entered in favor of ap-pellee.
 

 AFFIRMED.
 

 WOLF and KAHN, JJ., concur.