DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GULFSTREAM PARK RACING ASSOCIATION, INC.,** d/b/a
**GULFSTREAM PARK RACING AND CASINO,** a Florida corporation,
Appellant,

v.

**MARGARET VOLIN,**
Appellee.

No. 4D19-3471

[May 19, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE-17-008209(13).

Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Dan Cytryn, Edgar Velazquez, and Daniel Schwarz of the Law Offices of Cytryn & Velazquez, P.A., Coral Springs, for appellee.

KUNTZ, J.,

Gulfstream Park Racing Association appeals the circuit court's Final Judgment for Margaret Volin in this trip and fall case. We address one of Gulfstream's arguments on appeal. Gulfstream argues the circuit court erred when it allowed Volin to introduce evidence of the amount billed by medical providers instead of the discounted amount Medicare paid in full satisfaction of her medical expenses. Years ago, we held that "[w]hen a provider charges for medical service or products and later accepts a lesser sum in full satisfaction by Medicare, the original charge becomes irrelevant because it does not tend to prove that the claimant has suffered any loss by reason of the charge." *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547, 551 (Fla. 4th DCA 2003) (on rehearing). We have consistently applied that holding and do so again today. Thus, we reverse the judgment and remand for a new trial on damages. We also certify a question of great public importance to the Florida Supreme Court.

## Background

Volin sued Gulfstream for negligence after she fell on Gulfstream's property and broke her hip. Volin was 72 years old at the time of her fall and claimed that before her injury she planned to continue working as a part-time cashier at Winn-Dixie until she reached 80 years old.

Gulfstream moved to preclude Volin from introducing the gross amount of her medical bills into evidence because Medicare satisfied her medical expenses for a lesser amount. Volin responded that under the Florida Supreme Court's decision in *Joerg v. State Farm Mutual Automobile Insurance Co.*, 176 So. 3d 1247 (Fla. 2015), she could introduce the gross amount of her medical bills. The circuit court denied Gulfstream's motion, finding that it would handle any collateral source setoffs post-verdict.

At trial, Volin sought to recover the gross amount of her past medical bills, totaling $101,402.55. She also sought to recover $35,835.22 in lost past wages and $25,272.08 for the loss of future earning capacity. Finally, Volin requested $750,000 for past noneconomic damages and $650,000 in future noneconomic damages.

The jury returned a verdict finding both Gulfstream and Volin 50% at fault. On the verdict form, the jury awarded Volin $787,508.55, including $101,402.55 for past medical expenses; $25,271 in past lost wages; $35,835 for loss of future earning capacity; $325,000 in past noneconomic damages; and $300,000 in future noneconomic damages.

The court setoff certain amounts from the verdict and entered judgment for Volin in the amount of $360,225.34.

## Analysis

Gulfstream argues the court erred when it denied Gulfstream's motion to preclude Volin from introducing the gross amount of her medical bills to the jury. It contends that Medicare's satisfaction of the debt for a lesser amount renders the amount billed inadmissible. We agree that the amounts a provider billed that Volin will never pay—so called phantom damages—are inadmissible.

This issue is often a source of confusion. But Justice Bell explained, joined by Justices Wells and Cantero, that there need not be any confusion. *See Goble v. Frohman,* 901 So. 2d 830, 834 (Fla. 2005) (Bell, J., concurring). He wrote that "[i]t has long been established as a fundamental principle of Florida law that the measure of compensatory

2

damages in a tort case is limited to the actual damages sustained by the aggrieved party." *Id.* (citing *Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1950)). Thus, the amount a doctor bills is not an actual damage if the debt is settled for a lesser amount by a source such as Medicare. *Id.* at 833–34.

At common law, the collateral source rule served as an evidence rule and a damages rule. As a rule of evidence, the collateral source rule prohibited the introduction of evidence showing the payment of expenses by an independent source upon proper objection. *Nationwide Mut. Fire Ins. Co. v. Harrell*, 53 So. 3d 1084, 1086 (Fla. 1st DCA 2010) (citation omitted). As a damages rule, "[t]he collateral source rule permits an injured party to recover full compensatory damages from a tortfeasor irrespective of the payment of any element of those damages by" an independent source. *Id.* (citation omitted).

However, applying the collateral source rule as a rule of damages created potential for double recovery, or for a "plaintiff to collect payment from more than one source." Pamela Burch Fort et al., *Florida's Tort Reform: Response to a Persistent Problem*, 14 Fla. St. U. L. Rev. 505, 516 (1986). In response, the legislature enacted the Tort Reform and Insurance Act of 1986. *See* Ch. 86-160, Laws of Fla. The Act—codified at section 768.76, Florida Statutes—requires a court to setoff certain payments from collateral sources in personal injury cases. § 768.76(1), Fla. Stat. (2017); *Burch et al.*, at 550.

Section 768.76(1) "evinces the legislature's intent to prevent plaintiffs from receiving a windfall by being compensated twice for the same medical bills by both their insurance company and by the tortfeasor." *Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 959 (Fla. 2d DCA 2004).

While payments from an insurance company are setoff from a verdict, Medicare benefits are not setoff and are not considered a collateral source. *See Matrisciani v. Garrison Prop. and Cas. Ins. Co.*, 298 So. 3d 53, 58 (Fla. 4th DCA 2020). The statute does not authorize a court to setoff payments from Medicare. § 768.76(2)(b), Fla. Stat. (2017) ("Notwithstanding any other provision of this section, benefits received under Medicare . . . shall not be considered a collateral source."); *see also Coop. Leasing*, 872 So. 2d at 960 (stating that "'benefits received' under Medicare are not a collateral source under section 768.76(2)(b) and therefore cannot be set off from her recovery under section 768.76(1)").

It seems section 768.76(2)(b)'s classification of Medicare benefits is what causes the confusion referenced above. But we addressed this issue

in *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547 (Fla. 4th DCA 2003). In *Thyssenkrupp*, we held that it is error to admit the gross amount of a plaintiff's medical bills if Medicare paid their medical providers a lesser amount in full satisfaction of the plaintiff's medical expenses. *Id.* at 549–50; *see also Boyd v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1240, 1241 (Fla. 4th DCA 2005) (explaining the holding in *Thyssenkrupp* and stating that "evidence of the contractual discount by Medicare providers should be excluded from trial").

The Second District reached the same conclusion in *Cooperative Leasing*, 872 So. 2d at 958-60. The issue in *Cooperative Leasing* was "the appropriate measure of compensatory damages for past medical expenses." *Id.* at 957–58. The court held "that the appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills." *Id.* at 960. As in *Thyssenkrupp*, the court held that "[t]he trial court should have granted the appellants' motion in limine and prohibited Johnson from introducing the full amount of her medical bills into evidence." *Id.*

Volin acknowledges these cases but insists they were implicitly overruled by *Joerg v. State Farm Mutual Automobile Insurance Co.*, 176 So. 3d 1247 (Fla. 2015). But the holding in *Joerg* did not address the issue in this case or in the cases discussed above. In *Joerg*, the issue was "[w]hether the exception to the collateral source rule created in [*Fla. Physician's Ins. Reciprocal v. Stanley*, 452 So.2d 514 (Fla. 1984)] applies to future benefits provided by social legislation such as Medicare . . . ." *Id.* at 1253. The Florida Supreme Court "conclude[d] that the trial court properly excluded evidence of Luke Joerg's eligibility for future benefits from Medicare, Medicaid, and other social legislation as collateral sources." *Id.* at 1257. In comparison, this case addresses past medical bills.

The Second District addressed a challenge to *Cooperative Leasing*, and by extension *Thyssenkrupp*, in *Dial v. Calusa Palms Master Ass'n, Inc.*, 308 So. 3d 690 (Fla. 2d DCA 2020). The court rejected the argument that *Joerg* overruled *Cooperative Leasing* for various reasons. First, *Joerg* focused on future benefits. *Id.* at 691-92. Second, *Joerg* favorably cited *Cooperative Leasing. Id.* at 692 ("If our evidentiary holding in *Cooperative Leasing* was so antithetical to *Joerg's* holding that the latter implicitly reversed the former, we doubt the Florida Supreme Court would have favorably cited our opinion without some kind of caveat or explanation."). Finally, *Joerg* did not address *Cooperative Leasing*'s conclusion that "plaintiffs ought not

4

to receive a windfall to recover the purported value of *past* medical 'expenses' that were never paid." *Id.*

We agree with the *Dial* court. *Joerg* did not implicitly overrule cases barring evidence of the amount a medical provider billed when Medicare settled the debt for less. Those cases are binding on this panel. *See Matrisciani v. Garrison Prop. & Cas. Ins. Co.*, 298 So. 3d 53 (Fla. 4th DCA 2020); *Boyd v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1240 (Fla. 4th DCA 2005); *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547 (Fla. 4th DCA 2003).

Those cases are also clear: The gross amount the provider billed is inadmissible as evidence when Medicare satisfies the plaintiff's medical expenses for a lesser amount. Section 768.76, Florida Statutes (2017), is clear too. A trial court cannot setoff the difference between the amount billed and the amount Medicare paid. As such, we reverse the circuit court's judgment and remand for a new trial on damages.

Because this issue arises frequently, the *Dial* court also certified a question of great public importance to the Florida Supreme Court:

> DOES THE HOLDING IN *JOERG V. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.*, 176 SO. 3D 1247 (FLA. 2015), PROHIBITING THE INTRODUCTION OF EVIDENCE OF MEDICARE BENEFITS IN A PERSONAL INJURY CASE FOR PURPOSES OF A JURY'S CONSIDERATION OF FUTURE MEDICAL EXPENSES ALSO APPLY TO PAST MEDICAL EXPENSES?

*Id.* at 692. We join the *Dial* court and certify the same question to the Florida Supreme Court.

### *Conclusion*

We reverse the circuit court's judgment and remand for a new trial on damages. We also certify the following question of great public importance to the Florida Supreme Court:

> DOES THE HOLDING IN *JOERG V. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.*, 176 SO. 3D 1247 (FLA. 2015), PROHIBITING THE INTRODUCTION OF EVIDENCE OF MEDICARE BENEFITS IN A PERSONAL INJURY CASE FOR PURPOSES OF A JURY'S CONSIDERATION OF FUTURE MEDICAL EXPENSES ALSO APPLY TO PAST MEDICAL

EXPENSES?

*Reversed and remanded; question of great public importance certified.*

Levine, C.J., and Artau, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**